UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| NENG POR YANG,<br><br>        Plaintiff,<br><br>    v.<br><br>THE CHURCH OF JESUS CHRIST<br>OF LATTER DAY SAINTS,<br><br>        Defendant. | Civil No. 07-5 (MJD/SRN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1).  The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).

Here, Plaintiff's rambling, poorly-punctuated pleading is nearly incomprehensible. It is filled with vague accusations of conspiracies, "Mind Reading," "Psychic and Fortune Telling," and "other Superstitious Influences against the Plaintiff during the Defendants [sic] years of working with Federal Agents of the United States Governments, in which the Defendants along with Federal Agents of the United States Governments were

incriminating the Plaintiff to being a terrorist, criminals, drug dealers, and many, many other false and vicious crime acts." The complaint, however, does not allege any specific facts, and it does not describe any actual historical events. The complaint also fails to describe any injury that Plaintiff has sustained, (but Plaintiff is nevertheless seeking a damage award against Defendant in the sum of $75,000,000.00).

While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some legal relief against the named defendants based on some cognizable legal theory. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). Plaintiff's current complaint fails to meet this standard. The complaint does not adequately describe what, specifically, any Defendant allegedly did (or failed to do); it does not adequately identify any legal theory on which any actionable claim against any Defendant could be based; and it does not show that Plaintiff suffered any compensable injury.

Thus, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted. It follows that Plaintiff's IFP application must be denied, and this action must be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

    2.  This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: January 4, 2007

                                            s/ Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 19, 2007**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.